# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF PENNSYLVANIA
## Philadelphia Division

| | |
|---|---|
| Gloria Andain Johnson,<br><br>Debtor. | Case No. 25-13966-AMC<br>Chapter 13 |

**Debtor's Objection to Claim No. 2 by**
**Claimant Internal Revenue Service**

**AND NOW**, Gloria Andain Johnson (the "Debtor"), by and through her attorney, objects to proof of claim 2 ("POC 2") filed by Internal Revenue Service (the "IRS"). In support of this objection, the Debtor states as follows:

1. The Debtor filed this bankruptcy case under Chapter 13 on September 30, 2025. The current proposed plan is a 100% plan that pay POC 2 in full.

2. The IRS filed POC No. 2 on October 31, 2025 as being priority unsecured in the amount of $8,317.05, and general unsecured in the amount of $1,228.00 based on alleged income from gross merchandise payments, unemployment compensation, and ordinary dividends reported to the IRS for 2021 through 2024. A true and correct copy of POC No. 2 is attached as Exhibit A.

3. The Debtor contends that she was not employed, self-employed, or receiving unemployment compensation during those tax years, but instead living with her current partner, entirely dependent on his support through December 31, 2024.

4. In November 2025, the IRS had the Debtor complete Form 14039, an Identity Theft Affidavit, to initiate a review by the IRS's Identity Theft Unit (the "ITU").

5. In February 2026, the IRS informed Debtor's counsel that while under normal circumstances, the ITU would make a determination as to whether the Debtor's identity was stolen and her tax liability within 4 months, due to inventory backlogs, the average time for a resolution was 582 days, or 19.13 months.

6. To date, the IRS has refused all attempts by Debtor's counsel to enter into a stipulation to delay payment of POC 2 until the ITU has made a determination, even those with explicit language added that the plan must be modified to pay POC 2 in full should the ITU make a determination against the Debtor.

7. Due to POC 2's potential invalidity, the Trustee has informed Debtor's Counsel that they cannot recommend confirmation of the proposed plan that pays POC 2.

8. Due to POC 2's potential invalidity, the extreme delay that would result if confirmation was delayed to wait for the ITU's determination, and its prevention of the Trustee recommending confirmation, the Debtor objects to POC 2, and asks that this Court enter an order disallowing POC 2, or alternatively, ordering that it must be amended to $0 until the ITU makes a determination.

**NOW, THEREFORE**, the Debtor requests that this Court sustain their objection in the form of order attached and grant such other relief in their favor as may be necessary and proper under the law.

Date: September 24, 2026

By: ______________________

Michael A. Cibik (#23110)
Cibik Law, Counsel for Debtor
1500 Walnut Street, Suite 900
Philadelphia, PA 19102
215-735-1060, mail@cibiklaw.com