**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re: | Chapter 13<br>Case No. 25-13966 |
| GLORIA ANDAIN JOHNSON, | |
| Debtor. | |

**<u>ORDER</u>**

AND NOW, this ______ day of ______, 2026, upon consideration of Debtor's Objection to Proof of Claim No. 2, and the response of the Internal Revenue Service ("IRS"), the Court hereby ORDERS that the Debtor's Objection is DENIED. It is further ORDERED that:

1. The IRS's unsecured priority and unsecured general claims total $8,317.05 and $1,228.00, respectively.

BY THE COURT:

______________________________
HONORABLE ASHELY M. CHAN
*Chief Judge, United States Bankruptcy Court*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | : | Chapter 13 |
| | : | Case No. 25-13966 |
| GLORIA ANDAIN JOHNSON, | : | |
| | : | |
| Debtor. | : | |

**IRS'S RESPONSE TO DEBTOR'S OBJECTION TO PROOF OF CLAIM NO. 2**

THE UNITED STATES OF AMERICA, on behalf of its agent, the United States Internal Revenue Service ("IRS"), hereby responds and opposes Debtor's Objection to Proof of Claim No. 2 (Dkt. 57) as follows:

1. On September 30, 2025, Debtor Gloria Andain Johnson (the "Debtor") filed a bankruptcy petition seeking relief under Chapter 13 of the Bankruptcy Code.

2. On October 31, 2025, the IRS filed a proof of claim (Claim No. 2) setting forth (1) unsecured priority claims totaling $8,317.05, which correspond to outstanding tax liabilities for years 2022 through 2024, and (2) unsecured general claims totaling $1,228.00, which correspond to outstanding tax liabilities for year 2021. A copy of the IRS's proof of claim is attached as Exhibit 1.

3. Debtor's outstanding tax liabilities relate to gross merchandise payments, unemployment compensation, ordinary dividend, and certain business income that Debtor received from years 2021 through 2024.

4. Upon notice of the IRS's proof of claim, Debtor asserted that she was the victim of identity theft and did not receive the above-mentioned income subject to tax liabilities. In November 2025, Debtor submitted to the IRS a Form 14039, Identity Theft Affidavit, attesting to the same.

5. Based on her Form 14039, the IRS's Identify Theft Victim Assistance Unit ("IDTVA") investigated Debtor's allegation of identity theft.

6. On September 23, 2026, IDTVA completed its investigation. It concluded that the Debtor in fact was the victim of identity theft, but that such theft did not have any effect on Debtor's outstanding tax liabilities for years 2021-2024. IDTVA determined that no sources of Debtor's income subject to outstanding tax liabilities (i.e., merchandise payments, unemployment compensation, ordinary dividend, and other certain business income) had been affected by or the result of identity theft. The IRS is preparing an affidavit from an IDTVA employee attesting to the above facts. When completed, the United States will supplement this filing and submit the affidavit as Exhibit 2.

7. On September 24, 2026, having not yet received notice of IDTVA's determination, Debtor filed her Objection to Proof of Claim No. 2. Dkt. 57. Debtor requests the Court to "enter an order disallowing POC No. 2" because, according to Debtor, "she was not employed, self-employed, or receiving unemployment compensation" for years 2021 through 2024.[1] Dkt. 57 ¶ 8.

8. However, based on IDVTA's now-completed investigation, Debtor did in fact receive income subject to the above-mentioned outstanding tax liabilities. That income is reflected in Debtor's wage and income transcripts for years 2021 through 2024, which is included as an attachment to the IRS's proof of claim at Exhibit 1. And that income was not affected by or the result of identity theft.

[1] Debtor also asks the Court, in the alternative, to order that the IRS "must amend [its proof of claim] to $0 until [ITDVA] makes a determination." Dkt. 57 ¶ 8. However, that request is moot because, as mentioned, IDTVA has now completed its investigation.

9. Accordingly, the IRS's proof of claim setting forth unsecured priority and general claims with respect to Debtor's outstanding tax liabilities is accurate. The Court should therefore reject Debtor's Objection to Proof of Claim No. 2.

WHEREFORE, the United States respectfully requests that the Court deny Debtor's Objection.

Dated: October 8, 2026

Respectfully submitted,

DAVID METCALF
United States Attorney

/s/ *Mark C. Priebe*
ANTHONY ST. JOSEPH
MARK C. PRIEBE
Assistant United States Attorney
Eastern District of Pennsylvania
615 Chestnut Street, Suite 1250
Philadelphia PA, 19106
anthony.stjoseph@usdoj.gov
mark.priebe@usdoj.gov
(215) 861-8267/8412 (St. Joseph/Priebe)

*Counsel for the United States of America*

**CERTIFICATE OF SERVICE**

I hereby certify that on this date I caused a true and correct copy of the foregoing Response to Debtor's Objection to Proof of Claim No. 2 via the Court's CM/ECF System, thereby making it available for viewing and downloading for all parties to the case.

Dated: October 8, 2026

*/s/ Mark C. Priebe*
MARK C. PRIEBE
Assistant United States Attorney